IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JIMMIE JOE LEGGETT AND GEORGIA LEGGETT, <br><br> Plaintiffs, <br><br> vs. <br><br> HOLIDAY KAMPER COMPANY OF COLUMBIA, LLC D/B/A CAMPING WORLD RV SALES – CHARLESTON, JAY ORMSON, AND JAMES BASS, <br><br> Defendants. | CIVIL ACTION NO.: 2:20-cv-00333-DCN <br><br> **NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Holiday Kamper Company of Columbia, LLC d/b/a Camping World RV Sales ("Defendant HKC") and Jay Ormson and James Bass individually (collectively, "Defendants") hereby remove this case from the Charleston County Court of Common Pleas of the State of South Carolina to the United States District Court for the District of South Carolina, Charleston Division. In support of this Notice of Removal, Defendants aver as follows:

**BACKGROUND**

On November 27, 2019, Jimmie Joe Leggett and Georgia Leggett ("Plaintiffs") commenced this action against Defendants in the Charleston County Court of Common Pleas of the State of South Carolina captioned *Jimmie Joe Leggett and Georgia Leggett, v. Holiday Kamper Company of Columbia, LLC d/b/a Camping World RV Sales, et. al.* and bearing case number 2019-CP-10-06226.

-2-

Plaintiffs' Complaint arises out of a controversy regarding their purchase of an RV from Defendants. Plaintiffs have filed nine claims against all Defendants for: (1) Revocation of Acceptance; (2) Breach of Contract; (3) Breach of Warranty under State Law; (4) Breach of Warranty claim under the Magnuson-Moss Warranty Act; (5) Negligence; (6) Negligent Misrepresentation; (7) Fraud; (8) Regulation of Motor Vehicles Dealers Act; and (9) UTPA Violation. A copy of the Summons and Complaint is attached hereto as Exhibit 1.

Defendant HKC's registered agent (CT Corp.) was served via certified mail on December 5, 2019. Defendant Jay Ormson was personally served on December 3, 2019. Defendants are unaware of any service to date on Defendant James Bass. Plaintiffs' counsel kindly granted Defendants an extension of time to file responsive pleadings. Other than the Summons and Complaint, Defendants have received no other process, pleadings, motions, or orders.

## STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this entire action because Plaintiffs have asserted a Magnuson-Moss claim for relief that arises out of federal law, thereby establishing original federal question jurisdiction over that claim pursuant to 28 U.S.C. § 1331, and Plaintiffs' other claims are so related to the claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, thereby establishing supplemental jurisdiction over the other claims pursuant to 28 U.S.C. § 1332.

Federal Question Jurisdiction:

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In their Complaint, Plaintiffs have filed a Breach of Warranty claim under the Magnuson-Moss Warranty Act, which is codified under federal law at 15 U.S.C. § 2301, *et. seq.* (the "Warranty Act"), against Defendants.

As is relevant to this matter, original federal question jurisdiction is proper under the Warranty Act unless "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 28 U.S.C. §§ 2310(d)(1)(B), (d)(3)(B).

Here, Plaintiffs' claims arise out of a controversy regarding a warranty for an RV they purchased, but they do not specify their purchase price. Plaintiffs allege that they "have not been able to use the camper because of the terrible condition that it is in;" that they "have not been able to get the camper repaired without having to pay a substantial amount of money;" and that they "have not used their camper since the first trip." (*See* Compl. at 3, ¶38-39; 5, ¶50). Furthermore, Plaintiffs allege that "Defendant Camping World, upon information and belief, has violated 15 U.S.C. 2301 et seq., commonly known as the Magnuson-Moss Warranty Act" (*Id.* at 8, ¶70). In their Complaint, Plaintiffs have prayed for actual damages, consequential and incidental damages, as well as attorney's fees and costs with respect to the Magnuson-Moss claim. Plaintiffs have not provided specific dollar amounts with regard to their monetary damages. (*Id.*). They have, likewise, not made an affirmative claim that their damages are any less than $50,000. Furthermore, in their ninth cause of action, Plaintiffs seek three times the cost of actual damages. (*Id.* at 13(i)). As a result, the alleged relief and damages requested by Plaintiffs exceeds $50,000, and this Court has original jurisdiction over this case pursuant to 15 U.S.C. §§ 1331 and 2310(d)(1)(B).

Supplemental Jurisdiction:

Pursuant to 28 U.S.C. § 1367(a):

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Here, all of Plaintiffs' other causes of action arise out of the sale of the subject RV and the alleged breach of the Warranty Act. Accordingly, these claims are so related to the federal claim that they form part of the same case or controversy. Therefore, supplemental jurisdiction in this Court is proper under 28 U.S.C. § 1367(a).

**PROPRIETY OF REMOVAL**

This removal is being filed within one year of the commencement of the original action and, therefore, is timely filed.

The United States District Court for the District of South Carolina, Charleston Division, is the federal judicial district encompassing the Charleston County Court of Common Pleas of the State of South Carolina, where this suit was originally filed. Accordingly, venue is proper in this district under 28 U.S.C. § 1441(a).

Therefore, the present lawsuit may be removed from the Charleston County Court of Common Pleas of the State of South Carolina, and brought before the Charleston Division of the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §§ 1331, 1332, and 1441.

Pursuant to the provision of 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the clerk of courts for the Charleston County Court of Common Pleas of the State of South Carolina, and will serve a copy of the same upon Plaintiffs.

WHEREFORE, notice is hereby given that this action is removed from the Charleston County Court of Common Pleas of the State of South Carolina to the Charleston Division of the United States District Court for the District of South Carolina.

Respectfully submitted this 29th day of January, 2020.

-5-

                        Respectfully submitted,

                        COPELAND, STAIR, KINGMA & LOVELL, LLP

                        By:  *s/Sarah E. Butler*
                              SARAH E. BUTLER

40 Calhoun Street, Suite 400        Federal Bar No.:7506
Charleston, SC 29401               sbutler@cskl.law
(843) 727-0307

                        **Attorney for Defendants**