ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CASE NO.  2019-CP-10-_____ |
| ) | |
| JIMMIE JOE LEGGETT AND ) | |
| GEORGIA LEGGETT, ) | |
| ) | |
| Plaintiffs, ) | **SUMMONS** |
| ) | **(Jury Trial)** |
| vs. ) | |
| ) | |
| HOLIDAY KAMPER COMPANY ) | |
| OF COLUMBIA, LLC D/B/A ) | |
| CAMPING WORLD RV SALES - ) | |
| CHARLESTON, JAY ORMSON, ) | |
| AND JAMES BASS. ) | |
| ) | |
| _____ Defendants. ) | |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the attorney for the Plaintiffs, C. Steven Moskos, at his office located at 4000 Faber Place Drive, Suite 300, North Charleston, South Carolina 29405, within thirty (30) days of the service hereof, exclusive of the day of such service.

YOU ARE HEREBY GIVEN NOTICE FURTHER that, if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, judgment by default will be rendered against you for the relief demanded in the Complaint.

**C. STEVEN MOSKOS, P.A.**
**ATTORNEY FOR PLAINTIFF**
BY:    s/C. Steven Moskos
SC Bar No.: 7938
400 Faber Place Dr., Suite 300
North Charleston, SC 29405
Telephone: (843) 763-5297
Email: csmoskos@earthlink.net

Charleston, South Carolina
November 27, 2019


EXHIBIT
1

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | CASE NO.  2019-CP-10-_____ |
| | ) | |
| JIMMIE   JOE   LEGGETT   AND | ) | |
| GEORGIA LEGGETT, | ) | |
| | ) | |
| Plaintiffs, | ) | **COMPLAINT** |
| | ) | **(Jury Trial)** |
| vs. | ) | |
| | ) | |
| HOLIDAY KAMPER COMPANY | ) | |
| OF COLUMBIA, LLC D/B/A | ) | |
| CAMPING WORLD RV SALES - | ) | |
| CHARLESTON, JAY ORMSON, | ) | |
| AND JAMES BASS. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs, complaining of Defendants, allege the following:

1.    That Plaintiff Jimmie Joe Leggett is a resident of Dorchester, South Carolina.

2.    That Plaintiff Georgia Leggett is a resident of Dorchester, South Carolina.

3.    That Defendant Holiday Kamper Company of Columbia, LLC d/b/a Camping World RV Sales - Charleston (hereinafter Camping World) is a corporation organized and licensed under the laws of the State of South Carolina with its principal place of business in Charleston, South Carolina.

4.    That Defendant Jay Ormson is a resident of Charleston, South Carolina.

5.    That at all times stated below, Jay Ormson was an agent and an employee of Defendant Camping World.

6.    That Defendant James Bass is a resident of Charleston, South Carolina.

7.    That at all times stated below, James Bass was an agent, an employee, the managing agent, director, officer, or the person responsible for making policy decisions on behalf of Defendant Camping World.

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

8.      That on or about October 29, 2017, Plaintiffs went to Defendant's Charleston location at 8155 Rivers Ave.

9.      That Plaintiff Georgia Leggett, due to health reasons was not able to walk for a prolonged period of time.

10.     That the salesman, Jay Ormson, took Plaintiff Jimmie Leggett around Defendant's dealership while Ms. Leggett waited in Defendant's main office.

11.     That Mr. Ormson, Defendant's agent and employee, showed Mr. Leggett a 2018 Pioneer Model RD201 VIN: 5SFPB2529JE36557 camper.

12.     That Mr. Leggett believed the camper would suit his and his wife's needs.

13.     That once Plaintiff Jimmie Leggett found a camper that he felt would meet his wife's and his needs, Mr. Ormson used a golf cart to drive Ms. Leggett to the camper Mr. Leggett had found.

14.     That Defendant Camping World had the camper situated in such a way that the steps could not be pulled down and it was not handicapped accessible.

15.     That Mr. Leggett was rushed through the camper by Mr. Ormson as Mr. Ormson was also selling campers and motor homes to other people at the same time and he wanted Mr. Leggett to look at another camper.

16.     That Mr. Ormson stated that Defendant had a sale going on for all campers but that the sale ended that day, October 29, 2017.

17.     That based on the representations of Defendant's agent and employee, Plaintiffs decided to purchase the camper.

18.     That Defendant's finance manager included in the documents charges for GAP insurance coverage and an extended warranty.

19.     That Plaintiffs did not request these items nor did they consent to these items being

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

included in the documents.

20.    That Mr. Bass quickly "ran through" the paperwork, telling Plaintiffs what each document was and having them sign the documents without giving them an opportunity to read each.

21.    That at the time of delivery, Defendant had an employee from the service department show Mr. Leggett the camper.

22.    That Defendant's service technician did not walk through the camper with Mr. Leggett as required by Defendant's policies and procedures.

23.    That Defendant's service technician informed Mr. Leggett he did not need to walk through the camper with Mr. Leggett as Mr. Leggett had owned a camper in the past.

24.    That Defendant's service technician explained to Mr. Leggett that the camper had been thoroughly checked out, was in 100% working condition, and was ready for use.

25.    That Defendant's service technician rushed Mr. Leggett through his review of the camper.

26.    That Mr. Leggett believed that the camper had been inspected and checked out by Defendant's service department.

27.    That prior to Mr. Leggett receiving the camper, Defendant's service department had been inspected and checked out the camper.

28.    That Mr. Leggett took the camper on a camping trip.

29.    That when Mr. Leggett attempted to set up the camper, the jacks would not work as the wires to operate them had not been attached to a power source.

30.    That Mr. Leggett had to attach the wires to a power source to have the levelers

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

work.

31.    That Plaintiffs also noticed that the floor of the camper was soft and bouncy.

32.    That Ms. Leggett got splinters in her thigh from rough wood in and around the mattress.

33.    That during the night, Plaintiffs heard noises under the camper.

34.    That Mr. Leggett and a friend looked under the camper and discovered animals trying to enter open holes in the camper's body pan.

35.    That Plaintiffs discovered other problems with the camper such as the stove would not open, the hot water tank would not work on electric power, and damage to the top of the camper.

36.    That upon returning home, Plaintiffs learned that the price of the camper was not a sale price, but was, in fact, an inflated price above the normal price of that model camper.

37.    That the camper has substantial defects in it which should have been repaired prior to showing the unit to Plaintiffs.

38.    That Plaintiffs have not been able to get the camper repaired without having to pay a substantial amount of money.

39.    That Plaintiffs have not been able to use the camper because of the terrible condition it is in.

40.    That Plaintiffs would not have purchased the camper had they known Defendant had misrepresented the price of the camper and the condition of the camper.

41.    That Plaintiffs have demanded the return of their money.

42.    That Defendant has refused to return Plaintiffs' money.

43.    That Plaintiffs have had to hire an attorney to represent them in this matter.

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

## FOR A FIRST CAUSE OF ACTION
### (REVOCATION OF ACCEPTANCE)

44.  That Plaintiffs repeat all previous paragraphs as if repeated herein verbatim.

45.  That Defendants represented that the camper was a good dependable vehicle and would not need any major repairs.

46.  That Defendants repeatedly assured Plaintiffs that there were not any substantial defects in the subject vehicle.

47.  That the camper has substantial defects and needed substantial repair at the time it was sold to Plaintiffs.

48.  That the defects in the vehicle substantially impair the value of this vehicle to Plaintiffs.

49.  That Plaintiffs have previously revoked acceptance of the vehicle.

50.  That Plaintiffs have not used the camper since the first trip.

51.  That Plaintiffs have stored the camper since demanding the return of their money.

52.  That Plaintiffs again hereby revoke acceptance of this vehicle and Plaintiffs, at this point in time, seeks to enforce its lien for the refund of the full purchase price of the vehicle, together with their consequential and incidental damages.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

53.  That Plaintiffs repeat all previous paragraphs as if repeated herein verbatim.

54.  That Plaintiffs entered into a contract with Defendant Camping World for the purchase of a new 2018 camper that was in good condition, useable, and undamaged.

55.  That Defendant Camping World failed to sell to Plaintiffs a 2018 camper that was

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

in good condition, useable and undamaged.

56.    That as a result of Defendant's breach of contract, Plaintiffs have been damaged in that they have lost the benefit of the bargain they made with Defendant and they have paid more for a vehicle than what it is worth.

57.    That as a result of Defendant's breach of contract, Plaintiffs have suffered actual damages, together with the costs and disbursements of this action.

**FOR A THIRD CAUSE OF ACTION**
**(BREACH OF WARRANTIES)**

58.    That Plaintiffs repeat all prior paragraphs as if repeated herein verbatim.

59.    That Defendant Camping World expressly warranted to Plaintiffs that it would repair defects in parts and/or workmanship in Plaintiffs' vehicle.

60.    That although Defendant has attempted to limit Plaintiffs' rights under the warranty to the replacement or repair of defects in parts and/or workmanship under the terms of the express warranty, this exclusive remedy has failed to serve its essential purpose, in that Defendant has failed to correct Plaintiffs' vehicle defects after attempting numerous times to do so.

61.    That Defendant Camping World impliedly warranted that Plaintiffs' vehicle would pass without objection in the trade, that it was of fair average quality for goods of that type, and that it was suitable to be used for the ordinary purposes for which these vehicles are used.

62.    Defendant breached all implied and express warranties to Plaintiffs, and as a direct and proximate result of Defendant's breaches, Plaintiffs have suffered actual, consequential and incidental damages.

**FOR A FOURTH CAUSE OF ACTION**
**(VIOLATION OF MAGNUSON-MOSS WARRANTY ACT)**

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

63.   That Plaintiffs repeat all prior paragraphs as if repeated herein verbatim.

64.   That upon information and belief, Defendant Camping World is a supplier of consumer products engaged in the business of making vehicles directly or indirectly available to consumers.

65.   That Defendant Camping World failed to comply with its warranty obligations to Plaintiffs under its written and/or implied warranties in the following particulars:

   a.   In failing to provide Plaintiffs with a vehicle which was free from defects;

   b.   In failing to provide Plaintiffs with a vehicle which would pass without objection in the trade;

   c.   In failing to provide Plaintiffs with a vehicle of fair average quality for goods of that type;

   d.   In failing to provide Plaintiffs with a vehicle which was fit for the ordinary purposes for which such vehicles are used; and

   e.   In failing to properly repair, replace or adjust defects in the vehicle's parts and/or workmanship.

66.   Plaintiffs have afforded Defendant a reasonable opportunity to cure its failure to comply with its warranty obligations, but Defendant has failed and/or refused to do so.

67.   Plaintiffs have returned the subject vehicle to Defendant and demanded a refund of his money, however, Defendant has failed and refused to refund Plaintiffs' money.

68.   Plaintiffs continue to stand ready to return the subject vehicle in exchange for a refund of his money.

69.   Plaintiffs are, therefore, informed and believes that they have complied with the

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

requirements of 15 U.S.C. 2301 et seq. to the best of their ability.

70.    As a direct and proximate result of the acts above, Defendant Camping World, upon

information and belief, has violated 15 U.S.C. 2301 et seq., commonly known as the

Magnuson-Moss Warranty Act, and as a direct and proximate result of Defendant's

violation, Plaintiffs have suffered actual, consequential and incidental damages, and

they have incurred attorney's fees and costs in bringing this action.

## FOR A FIFTH CAUSE OF ACTION
### (Negligence)

71.    That Plaintiffs repeat all previous paragraphs as if repeated herein verbatim.

72.    That Defendants owed a duty to Plaintiffs in one or more of the following particulars:

   a.    To research the history of the subject vehicle prior to buying it;

   b.    To hire appraisers who could properly look for and evaluate damage
         previously done to vehicles and repairs needed to Defendant's campers;

   c.    To train properly managers, service managers, and service employees to
         evaluate properly previous damage done to vehicles and repairs needed to
         Defendant's campers;

   d.    To hire appraisers who could properly look for and evaluate campers and
         repairs needed to Defendant's campers;

   e.    To train properly managers, service managers, and service employees to
         evaluate campers and repairs needed to Defendant's campers;

   f.    To inspect the subject vehicle thoroughly prior to offering it for sale to
         consumers;

   g.    To represent properly and truthfully the campers Defendants offered for sale;

   h.    To notify Plaintiffs and other consumers of prior damage to the vehicles on

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

its lot;

i.    To complete the sales documents properly and in conformity with the Parties' agreement;

j.    To properly represent the price of the vehicle;

k.    To provide consumers the opportunity and ability to review the documents used to sell Defendants' campers; and

l.    To do those things which a reasonable, prudent person or company would do under the circumstances then and there prevailing.

73.    That Defendants failed to perform one or more of the aforementioned duties.

74.    That as a result of Defendants' negligence, carelessness, recklessness, wilfulness, and wantonness, Plaintiffs have been damaged in that they have purchased a vehicle that was not as represented, they have lost the benefit of the bargain they made with Defendant Camping World, they have paid more for a vehicle than what it is worth, and they have suffered embarrassment, anxiety, inconvenience, mental distress and emotional distress.

75.    That as a result of Defendants' negligence, carelessness, recklessness, wilfulness, and wantonness, Plaintiffs demand actual damages, together with punitive damages, together with prejudgment interest, together with the costs and disbursements of this action.

## FOR A SIXTH CAUSE OF ACTION
### (NEGLIGENT MISREPRESENTATION)

76.    That Plaintiffs repeat all previous paragraphs as if repeated herein verbatim.

77.    That Defendants made false representations to Plaintiffs.

78.    That Defendants had a pecuniary interest in making the statements.

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

79.    That Defendants owed a duty of care to communicate truthful information to Plaintiffs.

80.    That Defendants breached that duty by failing to exercise due care.

81.    That Plaintiffs justifiably relied on Defendants' representations.

82.    That Plaintiffs have been damaged in that they have purchased a vehicle that was not as represented, they have lost the benefit of the bargain they made with Defendant Camping World, they have paid more for a vehicle than what it is worth and they have suffered embarrassment, anxiety, inconvenience, mental distress and emotional distress.

83.    As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiffs were damaged, thereby entitling Plaintiffs to actual and punitive damages together with prejudgment interest, together with the costs and disbursements of this action.

## FOR A SEVENTH CAUSE OF ACTION
### (Fraud)

84.    That Plaintiffs repeat all previous paragraphs as if repeated herein verbatim.

85.    That Defendants failed to disclose to Plaintiffs material facts regarding the price of the camper, the prior damage to the camper, and the condition of the vehicle at the time of sale.

86.    That Defendants made false representations of material fact to Plaintiffs.

87.    That Defendants knew or should have known that the representations which were made to Plaintiffs were false.

88.    That Defendants intended that Plaintiffs rely upon its misrepresentations of material fact concerning the camper and its purchase.

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

89.  That Plaintiffs were unaware of the falsity of the representations and at the time the representations were made, Plaintiffs were unable to discover the falsity of the representations made by Defendants.

90.  That Plaintiffs had a right to rely and did rely upon the representations made by Defendants.

91.  That Defendants had an obligation to inform Plaintiffs that the vehicle had previously been wrecked and rebuilt.

92.  That Defendants failed to fulfill its obligations to Plaintiffs.

93.  That Defendants' failure to disclose to Plaintiffs the condition of the car constitutes affirmative fraud, fraudulent concealment, or nondisclosure of material facts regarding the transaction.

94.  That as a result of the Defendants' fraud, Plaintiffs have been damaged in that they have purchased a vehicle that was not as represented, they have lost the benefit of the bargain they made with Defendant Camping World, they have paid more for a vehicle than what it is worth and they have suffered embarrassment, anxiety, inconvenience, mental distress and emotional distress.

95.  That as a result of the Defendants' fraud, Plaintiffs demand their actual damages, together with punitive damages, together with prejudgment interest, together with the costs and disbursements of this action.

## FOR A EIGHTH CAUSE OF ACTION
### (Regulation of Motor Vehicle Dealers Act)

96.  That Plaintiffs repeat all previous paragraphs as if repeated herein verbatim.

97.  That Plaintiffs are informed and believe that the malicious and deceptive acts and practices of Defendant constitute a violation of Section 56-15-10 et. seq. of the

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

South Carolina Code of Laws 1976.

98. That as a result of Defendants' deceptive acts and practices, Plaintiffs have been damaged in that they have purchased a vehicle that was not as represented, they have incurred various repair bills, they have lost the benefit of the bargain they made with Defendant Camping World, and they have paid more for a vehicle than what it is worth.

99. That as a result of Defendants' violation of this State's Statutes dealing with the regulation of motor vehicle dealers, Plaintiffs demand twice their actual damages, together with punitive damages not to exceed three times the actual damages, together with attorney fees, together with the costs and disbursements of this action.

## FOR A NINTH CAUSE OF ACTION
### (UTPA Violation)

100. That Plaintiffs repeat all previous paragraphs as if repeated herein verbatim.

101. That the aforementioned acts and practices of Defendants were unfair and deceptive.

102. That the aforementioned acts and practices of Defendants are against the public interest and that these acts and practices are capable of repetition.

103. That Defendants' actions were willful and wanton in that Defendants knew or should have known that its conduct was unfair and deceptive and, therefore, a violation of this State's statutes concerning unfair and deceptive acts and practices.

104. That as a result of the Defendants' violation of the Unfair Trade Practices Act, Plaintiffs have been damaged in that they have purchased a camper that was not as represented, they have lost the benefit of the bargain they made with Defendant Camping World, they have paid more for a vehicle than what it is worth, and they

have suffered embarrassment, anxiety, inconvenience, mental distress and emotional distress.

105. That as a result of Defendants' violation of the Unfair Trade Practices Act, the Plaintiffs are entitled to their actual damages, together with three (3) times their actual damages, together with attorney's fees, together with the costs and disbursements of this action.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

a.    In the First Cause of Action to return the subject camper for a full refund of their money together with the costs and disbursements of this action.

b.    In the Second Cause of Action for actual damages, together with prejudgment interest, together with the costs and disbursements of this action.

c.    In the Third Cause of Action for actual damages, together with prejudgment interest, together with the costs and disbursements of this action.

d.    In the Fourth Cause of Action for actual damages, together with prejudgment interest, together with the costs and disbursements of this action, together with attorneys fees.

e.    In the Fifth Cause of Action for actual damages, together with punitive damages, together with prejudgment interest, together with the costs and disbursements of this action.

f.    In the Sixth Cause of Action for actual damages, together with punitive damages, together with prejudgment interest, together with the costs and disbursements of this action.

g.    In the Seventh Cause of Action for actual damages, together with punitive damages, together with prejudgment interest, together with the costs and disbursements of this action.

h.    In the Eighth Cause of Action for two (2) times the actual damages, together with punitive damages not to exceed three times the actual damages, together with attorney's fees, together with the costs and disbursements of this action.

i.    In the Ninth Cause of Action for three (3) times the actual damages, together with attorney's fees, together with the costs and disbursements of this action.

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

ELECTRONICALLY FILED - 2019 Nov 27 12:20 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1006226

j.     For an award of reasonable attorney's fees.

k.     For such other and further relief as this Court deems just and proper.

**C. STEVEN MOSKOS, P.A.**
**Attorney for Plaintiffs**

BY:     s/C. Steven Moskos
        C. Steven Moskos
        SC Bar #7938
        4000 Faber Place Dr., Ste. 300
        Charleston, SC 29407
        Telephone:  (843) 763-5297
        csmoskos@earthlink.net

Charleston, South Carolina
November 27, 2019