IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JIMMIE JOE LEGGETT and GEORGIA LEGGETT, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 2:20-cv-00333-DCN |
| vs. | ) ) | **ORDER** |
| HOLIDAY KAMPER COMPANY OF COLUMBIA, LLC, d/b/a CAMPING WORLD RV SALES — CHARLESTON, JAY ORSMON and JAMES BASS, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The following matter is before the court on plaintiffs Jimmie Joe Leggett and Georgia Leggett's (collectively "plaintiffs") motion to remand, ECF No. 6. For the reasons set forth below, the court grants plaintiffs' motion to remand.

**I. BACKGROUND**

On October 29, 2017, plaintiffs went to defendant Holiday Kamper Company of Columbia, LLC, d/b/a Camping World RV Sales — Charleston's ("HKC") business at 8155 Rivers Avenue in Charleston, South Carolina in search of a camper to purchase. ECF No. 6-2. Plaintiffs were assisted in their search for a camper by Jay Orsmon ("Orsmon") and James Bass ("Bass") (collectively with HKC, "defendants"), both of whom were agents and employees of HKC at the time. ECF No. 5 at 2. After discussions with Orsmon and Bass, plaintiff purchased a camper from HKC. ECF No. 6-2. Plaintiffs used the camper and discovered numerous alleged defects of the camper. Plaintiffs allegedly attempted to return the camper to HKC in exchange for the purchase price of $23,717.00, and HKC would not accept the return.

1

On November 27, 2019, plaintiffs filed a complaint against defendants in the Court of Common Pleas for the Ninth Judicial Circuit ("State court action"). ECF No. 1-1. The State court action includes claims of: (1) Revocation of Acceptance; (2) Breach of Contract; (3) Breach of Warranty under state law; (4) Breach of Warranty under the Magnuson-Moss Warranty Act ("MMWA"); (5) Negligence; (6) Negligent Misrepresentation; (7) Fraud; (8) Regulation of Motor Vehicles Dealers Act; and (9) Unfair Trade Practice Act. Id. Ormson was personally served on December 3, 2019. ECF No. 6-3. HKC's registered agent was served via certified mail on December 5, 2019. ECF No. 6-4. Bass cannot be located and has not been served.

On January 29, 2020, defendants filed a notice of removal of the State court action pursuant to 28 U.S.C. § 1331 for the MMWA claim and 28 U.S.C. § 1332 for all remaining claims. ECF No. 1. On February 15, 2020, plaintiffs filed a motion for remand. ECF No. 6. On March 2, 2020, defendants responded to the motion for remand, ECF No. 7, to which plaintiffs replied on March 9, 2020, ECF No. 8. The motion has been fully briefed and is now ripe for the court's review.

## II. STANDARD

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A district court may consider the propriety of subject matter jurisdiction and must remand a case to state court if federal jurisdiction is lacking. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A party seeking to adjudicate a matter in federal court through removal

carries the burden of demonstrating that removal was proper. See Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008). 28 U.S.C. § 1446 sets forth the procedure for removal of civil actions from state to federal court. It requires that a notice of removal be filed within thirty days after service of an initial pleading. 28 U.S.C. § 1446(b)(1). Under 28 U.S.C. § 1447(c), a party may move to remand a case for failure to comply with the procedural requirements set forth in § 1446(b). It is well settled that the removal statutes are to be construed strictly against removal with any doubt resolved in favor of remand. Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 108–09, (1941); Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005).

### III. DISCUSSION

#### A. Timeliness of Removal

Plaintiffs argue that because the notice of removal was filed more than thirty days after service on defendants, the court should grant their motion to remand. ECF No. 6-1 at 7–9. "The removability of a case depends upon the state of the pleadings and the record at the time of the application for removal." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (citations omitted). To support their position that removal was proper, defendants rely on 28 U.S.C. § 1446(b)(2)(C) to argue that because Bass has not yet been served, defendants filed the notice of removal within the time period required under 28 U.S.C. § 1446(b). ECF No. 7 at 2. Section 1446(b)(2)(C) states, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." (emphasis added). Defendants concede that Bass has still not been served. ECF No. 7 at 2 ("[A]t

3

the time of [d]efendants' Notice of Removal, [d]efendant James Bass had not been properly served, and to date, no Affidavit of Service or Affidavit of Non-Service for Mr. Bass has been filed.").

If Bass has not been served, then Bass cannot not qualify a "later-served defendant" who "files a notice of removal" as required to qualify for a delayed filing under 28 U.S.C. § 1446(b)(2)(C). The "later-served defendant" in this instance is HKC, and because HKC was served on December 5, 2019, ECF No. 6-4, the notice of removal must have been filed by January 4, 2020 to comply with the procedural requirements set forth in § 1446(b). It was not; the notice of removal was filed on January 29, 2020. Because the court finds that defendants' notice of removal did not comply with the procedural requirements set forth in § 1446(b), the court grants the plaintiffs' motion to remand.

### B. Amount in Controversy under MMWA

Plaintiffs also argue that the court should grant their motion to remand because defendants failed to prove that the $50,000 amount in controversy required under the MMWA has been met.[1] ECF No. 6-1 at 5. The court need not examine this argument because the court has found remand is appropriate based on the lack of timeliness of the filing of the notice of removal. Nonetheless, the court will review this argument because it has bearing of the court's determination on whether the awarding of attorney's fees is appropriate. See Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005) ("Absent

---

[1] Defendants seek to remove the State court action under 28 U.S.C. § 1331, and typically, no amount of controversy required for removal under subject matter jurisdiction. However, the court's subject matter jurisdiction arises out of a claim under the MMWA, and the amount in controversy necessary for a MMWA claim to be cognizable is $50,000. 15 U.S.C. § 2310(d)(3)(B).

unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal."). Defendants argue that because plaintiffs did not identify any specific dollar figure in the State court action and prayed for actual, consequential, and incidental damages including attorney's fees and costs, defendants reasonably believed that the plaintiffs' damages were in excess of $50,000. ECF No. 7 at 3.

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. Thompson v. Victoria Fire & Casualty Co., 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)). Generally, "the sum claimed by a plaintiff in her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." Vill. Park Homes LLC v. Hancock Askew & Co LLP, 2016 WL 7383919, at *2 (D.S.C. Dec. 21, 2016). However, when the state court complaint is silent as to the amount claimed in damages, as it is in this instance, many courts have found that defendant must demonstrate the existence of the amount-in-controversy by "a preponderance of the evidence." See Fritsch v. Swift Transportation Company of Arizona, LLC, 899 F. 3d 785, 793 (9th Cir. 2018) (finding that a removing defendant need only prove that the amount in controversy exceeds the jurisdictional threshold by a preponderance of the evidence); Scarlott v. Nissan North America, Inc., 771 F.3d 883, 888 (5th Cir. 2014) ("If [plaintiff] did not demand a specific amount, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $50,000."); Frederico v. Home Depot, 507 F.3d 188, 198 (3d Cir. 2007) (holding that a "preponderance of the evidence"

standard is necessary in a motion for remand when the amount in controversy is in dispute); cf. Vill. Park Homes LLC, 2016 WL 7383919, at *2 ("If the court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified, . . . then removal is proper.")

A cause of action under the MMWA may not proceed in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests [sic] and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B); Saval v. BL Ltd., 710 F.2d 1027, 1032–33 (4th Cir. 1983) (jurisdiction in federal court is limited by Section 2310(d)(3)). The Fourth Circuit stated, in an unpublished opinion, "[t]he aggregate amount in controversy, however, is not computed on the basis of pendent state law claims." Misel v. Mazda Motor of Am., Inc., 420 F. App'x 272, 274 (4th Cir. 2011). This holding comports with numerous other courts' calculation of the amount in controversy in MMWA claims. Ansari v. Bella Automotive Group, Inc., 145 F.3d 1270, 1272, (11th Cir. 1998); Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1071 (5th Cir. 1984); Abedrabbo v. Topps Meat Co., LLC, 756 F. Supp. 2d 18, 23 (D.D.C. 2010); Scott v. Toyota Motor Corp., 2013 WL 5372274, at *5 (S.D.W. Va. Sept. 24, 2013); Critney v. National City Ford, Inc., 255 F. Supp. 2d 1146, 1148 (S.D. Cal. 2003); Poindexter v. Morse Chevrolet, Inc., 270 F. Supp. 2d 1286, 1292 (D. Kan. 2003); Golden v. Gorno Bros., Inc., 274 F. Supp. 2d 913, 916 (E.D. Mich. 2003), aff;d, 410 F.3d 879, (6th Cir. 2005); Rose v. A & L Motor Sales, 699 F.Supp. 75, 77 (W.D. Pa. 1988). Additionally, although attorney fees may be awarded under the MMWA, 15 U.S.C. § 2310(d)(2), the statute has been interpreted to exclude these fees from the computation of the jurisdictional amount. Saval, 710 F.2d at 1032–33 (holding

that the proper construction of Section 2310(d) does not allow for the inclusion of attorney's fees). In short, the defendants must show by a preponderance of the evidence that the amount in controversy for the MMWA claim will be at least $50,000, not including potential damages from pendent state law claims or attorney's fees.

The court finds that defendants have not shown by the preponderance of the evidence that the amount in controversy for the MMWA claim will be at least $50,000. Defendants argue the amount in controversy will be at least $50,000 for the MMWA claim because plaintiffs "demanded the return of their money, alleged that they have been paying money to store the camper, and that the camper requires substantial repairs that will cost a 'substantial amount of money.'" ECF No. 7 at 3 (quoting ECF No. 1-1 at 4–5). This argument fails for many reasons. First, plaintiffs allege that "they have not been able to get the camper repaired without having to pay a substantial amount of money." ECF No. 1-1 at 4. This statement does not demonstrate that plaintiffs ever paid to repair the camper nor the amount that such repairs cost. Defendants submitted no evidence to the court that plaintiffs had repairs made to the camper, let alone evidence of the cost of such repairs. Nor did defendants submit into evidence the amount similar repairs would cost. Second, defendants submitted no evidence quantifying the costs of storing the camper in dispute or the costs of storing a similarly sized vehicle. Plaintiffs paid $23,717.00 for the camper, so defendants need to prove by the preponderance of the evidence that plaintiffs would be entitled to recover an additional $26,383.00. Defendants failed to submit any evidence whatsoever to prove the amount in controversy for the MMWA claim will be at least $50,000. Because plaintiffs failed to prove by the preponderance of the evidence that the amount in controversy for the MMWA claim will

be at least $50,000, the court finds that it lacks subject-matter jurisdiction over this dispute.[2]

C. **Attorney's Fees**

Plaintiffs also request an award of attorney's fees and costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." Martin, 546 U.S. at 136; see also In re Lowe, 102 F.3d 731, 733 n. 2 (4th Cir. 1996) (finding an award of attorney's fees and costs appropriate under Section 1447(c) where "'a cursory examination . . . would have revealed' a lack of federal jurisdiction.") (citation omitted). Attorney's fees are appropriate in a variety of situations, including untimely removal and erroneous legal arguments, if the party seeking removal lacks an objectively reasonable basis for removal. See LaMotte v. Roundy's, Inc., 27 F.3d 314, 316 (7th Cir. 1994) (holding that

---

[2] Defendants argue that plaintiffs have confirmed that their claim under the MMWA act will not exceed $50,000 based on plaintiffs' statement in their motion that, "[d]efendants… cannot show Plaintiffs' warranty claim under the Magnuson-Moss Warranty Act is over $50,000." ECF No. 7 at 3 (quoting ECF No. 6-1 at 4–5). Defendants then express a willingness to agree to a remand, but only if plaintiffs are willing to stipulate that the amount of their damages are not in excess of $50,000. Plaintiffs reply that defendants misstate their position. ECF No. 8 at 2. Plaintiff state they were merely showing that defendants failed to reach the burden necessary to demonstrate removal is proper. Id. Further, plaintiffs do not affirm or deny that the MMWA claim may exceed $50,000 and insist the final amount of damages under the MMWA claim is dependent on the conduct of defendants. Id. The court finds that plaintiffs need not stipulate that the damages under MMWA claim will remain under $50,000 because under the law, "[t]he removability of a case depends upon the state of the pleadings and the record at the time of the application for removal." Francis, 709 F.3d at 367 (emphasis added). On the record at the time of the application for removal, defendants failed to meet their burden of showing that that plaintiffs' claim under the MMWA may exceed $50,000.

an award under § 1447(c) is appropriate whether remand is based on jurisdictional defect or a defect in the removal procedure); Phillips v. Extra Space Mgmt., Inc., 2020 WL 571914, at *3 (W.D.N.C. Feb. 5, 2020) (holding that attorney's fees may be appropriate for cases of "untimely removal  removal based on an erroneous legal argument, repetitive removals, and removal which greatly increases the cost and/or complexity of the case."). Nonetheless, the decision to award fees is ultimately at the discretion of the court.  28 U.S.C. § 1447(c); Martin, 546 U.S. at 136.

As the Supreme Court announced in Dart Cherokee Basin Operating Co., LLC v. Owens, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  135 S. Ct. 547, 554 (2014). Given that plaintiffs concede that their claim under the MMWA may exceed $50,000, ECF No. 8 at 2, and plaintiffs failed to state an amount of damages in their complaint, the court finds it was plausible that the amount in controversy could exceed the jurisdiction threshold.  Therefore, the court finds that is was objectively reasonable for defendants to file their notice of removal based on plaintiff's MMWA claim.  The only remaining issue for the court to decide is whether it was objectively reasonable for defendants to file their notice of removal even though it was untimely.

Due to the discretionary construct of 28 U.S.C. § 1447(c), district courts in the Fourth Circuit have varied in deciding when the awarding attorney's fees is appropriate based on untimely notice of removal.  In McPhatter, the district court awarded attorney's fees because the notice of removal was untimely, it was the second removal and based on substantially the same grounds the court rejected in the first removal, there had been significant progress in the state proceedings, and the defendant had a history of untimely

removal.  McPhatter v. Sweitzer, 401 F. Supp. 2d 468, 479 (M.D.N.C. 2005).  However, other courts in the Fourth Circuit have found the awarding of attorney's fees is not appropriate when remand was based on solely on untimely notice of removal.  Huber Tech., Inc. v. Gowing Contractors Ltd., 2019 WL 4491532, at *4 (W.D.N.C. Sept. 18, 2019); Phillips, 2020 WL 571914, at *3.  In Huber Tech, the district court did not award attorney's fees because "absent an untimely notice of removal, removal would have been proper on the basis of diversity jurisdiction." 2019 WL 4491532, at *4.  In Phillips, even though the district court held that, "[d]efendant filed an untimely motion to remove and a responsible review of Plaintiff's claims should have revealed the diversity jurisdiction when Plaintiff first served Defendant with her complaint," and the court thought that defendant was attempting to, "use removal to circumvent the state court's denial of additional discovery", the court still found that attorney's fees were inappropriate.  2020 WL 571914, at *3.

District courts in the Fourth Circuit have also varied in when to award attorney's fees in claims based on the MMWA.  In Lafountain v. Paul Benton Motors of N. Carolina, LLC, the district court awarded attorney's fees because defendants, "did not timely amend [ ] removal notice to add federal question jurisdiction as a ground for removal." 2010 WL 3767122, at *4 (E.D.N.C. Aug. 23, 2010), report and recommendation adopted sub nom. Lafountain v. Paul Benton Motors of N. Carolina, LLC, 2010 WL 3767118 (E.D.N.C. Sept. 24, 2010).  In Lafountain, the district court emphasized that its decision to award attorney's fees for the untimely amendment was because the defendants, "knew or should have known that it could have invoked federal question jurisdiction in its original removal notice."  In Scott v. Toyota Motor Corp., the

10

district court did not award attorney's fees because the removal was objectively reasonable given plaintiff's "attempt to limit her damages" under the MMWA claim to preclude federal jurisdiction, and "the lack of clear direction in this Circuit" on the issue that determined remand was proper. 2013 WL 5372274, at *7.

While this is a close call, the court finds that awarding attorney's fees inappropriate. On one hand, 28 U.S.C. § 1446(b)(2)(C) is unambiguous; the later-served defendant must be the individual who files the notice of removal to delay the time period by which the notice of removal must be filed. Defendants acknowledge and admit in their response to this motion that Bass has not yet been served, which would preclude defendants from having Bass be a "later-served defendant." ECF No. 7 at 2. A "cursory examination" of 28 U.S.C. § 1446(b)(2)(C) would have revealed that defendants' "later-served defendant" was HKC, and that their the notice of removal was filed more than thirty days after HKC was served.

On the other hand, as previously stated, plaintiffs' refusal to confirm or deny the amount in controversy in their MMWA claim is akin to attempting to limit their damage to avoid federal jurisdiction. Additionally, the Fourth Circuit has not made any rulings that "provide a clear direction" if counsel representing all defendants can file the notice of removal on behalf of its client not yet served in order to meet the requirements under 28 U.S.C. § 1446(b)(2)(C). The Fourth Circuit's decision in <u>Mayo v. Board of Education of Prince George's ULQFH *HIR County</u>, held that "a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal." 713 F.3d 735, 742 (4th Cir.2013). Because the Fourth Circuit in <u>Mayo</u> relied

on the attestation of the removing defendant's counsel in the notice of removal, rather than the subsequent separate consent, to hold that the rule of unanimity had been satisfied, it is objectively reasonable to extrapolate that holding to argue that counsel representing all defendants can file the notice of removal on behalf of its client not yet served in order to meet the requirements under 28 U.S.C. § 1446(b)(2)(C).

Defendants were untimely in filing their notice of removal. However, unlike in Lafountain, defendants did not amend their notice of removal in order to argue an issue that the court found should have been recognized prior to the untimely filing. Nor did the untimely filing result in a substantial delay in the proceeding. Furthermore, defendants had an objectively reasonable basis for removal based on the MMWA claim, plaintiffs' actions were akin to attempting to limit the amount in controversy to prevent federal jurisdiction, and the Fourth Circuit has not made any rulings that "provide a clear direction" if counsel representing all defendants can file the notice of removal on behalf of its client not yet served in order to meet the requirements under 28 U.S.C. § 1446(b)(2)(C). Therefore, the court denies the plaintiffs' request for an award of attorney's fees.

## IV.  CONCLUSION

For the foregoing reasons, the court grants plaintiffs' motion to remand.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 13, 2020
Charleston, South Carolina**